REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
Is an independent contractor protected under the provisions of the Nebraska Fair Employment Practice Act?
No.
The Nebraska Fair Employment Practice Act, at 48-1104, R.R.S. 1943, reads in pertinent part as follows:
 "It shall be an unlawful employment practice for an employer:
 "(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin; or
 "(2) To limit, advertise, solicit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect such individual's status as an employee, because of such individual's race, color, religion, sex, disability, marital status, or national origin."
The Act contains the following pertinent definitions at48-1102, R.R.S. 1943:
 "As used in sections 48-1101 to 48-1125, unless the context otherwise requires:
". . .
 "(5) Privileges of employment shall mean terms and conditions of any employer-employee relationship, opportunities for advancement of employees, and plant conveniences;
 "(6) Employee shall mean an individual employed by an employer; . . ."
An independent contractor was defined by the Nebraska Supreme Court in the case of Stephens v. Celeryvale Transport,Inc., 205 Neb. 12, as follows:
 "An independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the methods or means used. Such a person is not an employee. . ." Id. at 20.
The Nebraska Supreme Court has not directly addressed the question before us.
However, this issue has been addressed by Federal Courts interpreting Title VII of the Civil Rights Act of 1964. Title VII contains language substantially similar to that contained in the Nebraska statutes quoted above.
In Jenkins v. Travelers Insurance Company,436 F. Supp. 950 (Ore. 1977), a former insurance company career agent enrollee alleged racial discrimination on the part of the defendant. Upon trial, the court dismissed the plaintiff's complaint. In an opinion, the court reviewed the relationship between the plaintiff and defendant and ruled that the plaintiff was an independent contractor, not an employee, and therefore not protected by Title VII. In this case the court relied upon Mathis v. Standard BrandChemical Industries, Inc., 10 F.E.P. 295 (N.D.Ga. 1975). In that case, a black plaintiff alleged that the defendant discriminated on the basis of race by termination of its contract with him. The court denied a motion of the defendant for summary judgment, based upon the theory that the plaintiff was an independent contractor. In considering this the court stated:
 "Employment must be distinguished from the independent contractual association of business entities, for the latter are not covered by Title VII.
 While it would be a desirable goal to eliminate racial discrimination in all business interprises, it does not appear that Congress intended such a broad objective for Title VII. Emphasis on the word `employment' in the legislative history supports such a conclusion." Id. at 297.
In the case of Smith v. Dutra Trucking Co.,410 F. Supp. 513 (N.D.Cal., 1976), affirmed 580 F.2d 1054 (9th Cir. 1978), plaintiff, brought an action against the defendant trucking line alleging discrimination in employment because of her sex under Title VII for defendant's refusal to permit her to drive for it. Upon defendant's motion for summary judgment, the court determined that the plaintiff was an independent contractor, and not covered by Title VII. The court stated:
 "Applying the facts alleged to the common-law standard, plaintiff is clearly an independent contractor with respect to Dutra, and as such is not covered by Title VII."
These cases are persuasive in their reasoning and approach and compel us to conclude that an independent contractor is not protected by the provisions of the Nebraska Fair Employment Practice Act as it relates to `employees.'